Mr. Michael E. Watkins City Attorney City of Homestead 790 Homestead Boulevard Homestead, Florida 33030-6299
Dear Mr. Watkins:
This in response to your request for an opinion on substantially the following question:
 MAY A MUNICIPALITY ISSUE PERMITS FOR THE CONSTRUCTION AND USE OF PROPERTY WHICH IS PERMISSIBLE UNDER THE EXISTING ZONING OF THE MUNICIPALITY BUT WHICH IS NOT IN ACCORDANCE WITH THE LAND USE ELEMENTS OF THE COMPREHENSIVE PLAN?
The City of Homestead, a municipality within Dade County, has its own zoning ordinances, regulations and zoning map designating the various zones within the City of Homestead. No issue is presented regarding any possible conflict between the city's comprehensive plan or zoning ordinances and the county's comprehensive plan and no opinion is rendered on this subject. The City of Homestead has previously adopted a comprehensive plan as required by the Local Government Comprehensive Planning Act of 1975, ss.163.3161-163.3211, F.S. At the present time the city is reviewing its comprehensive plan and the question presented has arisen.
In AGO 79-88, this office, after reviewing the Local Government Comprehensive Planning Act of 1975, concluded: "All development, including construction and building permits therefor, undertaken within a municipality subsequent to adoption of its comprehensive plan . . . must be in accordance with that plan." That opinion went on to state that "a municipality should move expeditiously to amend its existing zoning ordinances to conform with the land-use elements of such adopted comprehensive plan." See also, AGO 80-83. The adoption of a comprehensive plan is a mandatory requirement for all municipalities in the state. See, s. 163.3167(2), F.S. Section 163.3161(5), F.S., provides:
 It is the intent of this act that adopted comprehensive plans shall have the legal status set out in this act and that no public or private development shall be permitted except in conformity with comprehensive plans, or elements or portions thereof, prepared and adopted in conformity with this act.
 Section 163.3194, F.S., which establishes the legal status of the comprehensive plan, in subsection (1), provides:
 After a comprehensive plan or element or portion thereof has been adopted in conformity with this act, all development undertaken by, and all actions taken in regard to development orders by, governmental agencies in regard to land covered by such plan or element shall be consistent with such plan or element as adopted. All land development regulations enacted or amended shall be consistent with the adopted comprehensive plan or element or portion thereof. (e.s.)
The definition of the terms "development," "development order," and "development permit" in the statutes makes it quite clear, as stated in AGO 79-88, that "the coverage of the Local Government Comprehensive Planning Act includes the issuance of building permits for construction and any construction undertaken within the jurisdictional boundaries of the municipality." See, s.163.3164(4), (5) and (6), F.S. As provided in s. 163.3194, F.S., all land development regulations enacted or amended must be consistent with the comprehensive plan. Land development regulations include all municipal zoning and subdivision, building and construction regulations controlling the development of land. Section 163.3194(2)(b), F.S. As stated in subsection (2) of s.163.3161, F.S., "it is the purpose of this act to utilize and strengthen the existing role, processes, and powers of local governments in the establishment and implementation of comprehensive planning programs to guide and control future development." Accordingly, I am of the opinion that permits for the construction and use of property issued by a municipality must be in accordance with the comprehensive land use plan.
During the 1985 legislative session, the Local Government Comprehensive Planning Act of 1975 was extensively amended and renamed the "Local Government Comprehensive Planning and Land Development Regulation Act." See, Ch. 85-55, Laws of Florida, effective October 1, 1985, except ss. 10 and 51, and subsection (8) of s. 380.06, F.S., which took effect July 1, 1985. The amendments to the act generally strengthen the role of comprehensive planning for local governments and modify the requirements and elements of the plan. See, s. 163.3167(2), F.S., as amended by s. 3 of the act, providing that "on or before December 1, 1988 each municipality required to include a coastal management element in its comprehensive plan pursuant to s.163.3177(6)(g), and beginning on January 1, 1989 and on or before December 1, 1989 each other municipality in this state shall prepare a comprehensive plan of the type and in the manner set out in this act, or amend its existing plan to meet the requirements of this act. . . ." And see, s. 163.3197, F.S., as amended by s. 12, Ch. 85-55, which states that where, prior to the adoption of a revised plan pursuant to s. 163.3167(2), a local government had adopted a comprehensive plan or element or portion thereof, such adopted plan or element or portion thereof shall have such force and effect as it had at the date of adoption until a new comprehensive plan or element or portion thereof is adopted by or for such local government pursuant to the provisions of Ch. 85-55; the prior adopted plan or element or portion thereof may be the basis for meeting the requirement of comprehensive plan adoption set out in the act provided that all requirements of the act have been met. A review of the pertinent provisions of Ch. 85-55 is necessary to properly advise you as to a municipality's authority and duties and responsibilities under the new act, effective October 1, 1985 (except as noted above), vis-a-vis the issuance of building permits which are inconsistent with the land use element of the comprehensive plan. The amendments made by Ch. 85-55 do not change the answer to your inquiry or alter the conclusion reached in AGO 79-88, but rather strengthen the requirement that development and *2558 land development regulations be consistent with the local government's comprehensive plan.
Section 163.3164, F.S., was amended to provide, inter alia, for a "[l]and development regulation commission" which "means a commission designated by a local government to develop and recommend, to the local governing body, land development regulations which implement the adopted comprehensive plan and to review land development regulations, or amendments thereto, for consistency with the adopted plan and report to the governing body regarding its findings"; the duties and responsibilities of this commission may be performed by the local planning agency. See, s. 2, Ch. 85-55, creating subsections (21) and (22) of s. 163.3164, defining "land development regulation commission" and "land development regulations," respectively. See also, s. 163.3174, F.S., as amended by s. 5, Ch. 85-55, pertaining to the local planning agency. Section 163.3177, F.S., prescribing the required elements of a local government's comprehensive plan was extensively amended by Ch. 85-55. See, s. 6 of the act. The future land use plan element must "include standards to be followed in the control and distribution of population densities and building and structure intensities." Additionally, the new law requires that "[t]he proposed distribution, location, and extent of the various categories of land use shall be shown on a land use map or map series which shall be supplemented by measurable goals, objectives, and policies. Each land use category shall be defined in terms of the types of uses included and specific standards for the density or intensity of use." This new requirement of a land use map or map series mandates that local governments make more specific decisions about directing and planning for future development in their respective jurisdictions. The new act also includes a number of measures which give the adopted comprehensive plans a greater degree of certainty and enforceability. Chapter 85-55 requires that local governments "adopt the comprehensive plan or element or portion thereof by ordinance." See, s. 8, Ch. 85-55, Laws of Florida, amending and renumbering, inter alia, s.163.3184(7), F.S. (1984 Supp.), as s. 163.3184(15). The legal status of the comprehensive plan was strengthened. Section163.3194(1), F.S., was amended by s. 11, Ch. 85-55, to require, inter alia:
 All land development regulations enacted or amended shall be consistent with the adopted comprehensive plan or element or portion thereof, and any land development regulations existing at the time of adoption which are not consistent with the adopted comprehensive plan or element or portion thereof shall be amended so as to be consistent. If a local government allows an existing land development regulation which is inconsistent with the most recently adopted comprehensive plan or element or portion thereof to remain in effect, the local government shall adopt a schedule for bringing the land development regulation into conformity with the provisions of the most recently adopted comprehensive plan or element or portion thereof. During the interim period when the provisions of the most recently adopted comprehensive plan or element or portion thereof and the land development regulations are inconsistent, the provisions of the most recently adopted comprehensive plan or element or portion thereof shall govern any action taken in regard to an application for a development order. (e.s.)
The new law also creates s. 163.3213 providing for administrative review of land development regulations (as defined therein) and s.163.3215 authorizing any aggrieved or adversely affected party to maintain an action for injunctive or other relief against a local government to prevent such local government from taking any action on a development order which materially alters the use or density or intensity of use on a particular piece of property that is not consistent with the comprehensive plan. See, s. 15 and s. 18, of Ch. 85-55, respectively.
In conclusion, it is my opinion that all land development regulations and actions including permits for the construction and use of property issued by a municipality must be in accordance with the local government's comprehensive plan. Additionally, pursuant to the Local Government Comprehensive Planning and Land Development Regulation Act, ss. 163.3161-163.3215, F.S., effective October 1, 1985, except as noted supra, local governments are required to amend any land development regulations inconsistent with the comprehensive plan or element or portion thereof so as to be consistent, and during the interim period prior to such amendment, the provisions of the most recently adopted comprehensive plan or element or portion thereof shall govern any action taken in regard to an application for a development order.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General